Filed 11/7/24  P. v. Palmer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM RAY PALMER, JR.,<br><br>Defendant and Appellant. | C098997<br><br>(Super. Ct. No. 21F4637) |

Appointed counsel for defendant William Ray Palmer, Jr., asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We affirm.

BACKGROUND

In December 2020, Drug Enforcement Administration Special Agent Alberto Pena arranged a controlled buy of narcotics, targeting defendant.  California Highway Patrol Officer Jeffrey Kuwahara played the role of buyer.  Special Agent Pena instructed Officer

1

Kuwahara to buy one-half pound of methamphetamine. Special Agent Pena showed Officer Kuwahara defendant's driver's license photo with defendant's distinctive neck tattoos.

Officer Kuwahara arrived at the arranged location for the controlled buy. He drove a white truck and presented himself as a construction worker. When defendant arrived, Kuwahara recognized him from the driver's license photo. Defendant got into the front passenger seat of the truck. The two of them stayed in the truck for 7 to 10 minutes. During that time, their conversation moved to discussing the drug deal. Defendant handed Kuwahara a package, which Kuwahara thought was too small to be one-half pound of methamphetamine. Kuwahara opened the package and confirmed it was approximately one-quarter pound of methamphetamine. He paid defendant $1,200 cash, and defendant left.

The People charged defendant with the sale or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and possession for sale of a controlled substance (Health & Saf. Code, § 11378). The People alleged two prior strike convictions as well as two aggravating circumstances. Jury trial began in April 2023 and concluded two days later. The jury found defendant guilty on both charges. Defendant admitted the prior strike convictions and aggravating circumstances.

Prior to sentencing, the court found defendant to be "outside the three strikes sentencing scheme," and struck the prior strike convictions. The court then sentenced defendant to a total of three years in state prison as follows: three years for the sale or transportation of a controlled substance and two years for possession of a controlled substance for sale, stayed pursuant to Penal Code section 654. The court awarded defendant two days of custody credit and imposed fines and fees.

Defendant filed a timely notice of appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　MESIWALA, J.


We concur:



/s/
DUARTE, Acting P. J.



/s/
RENNER, J.

3